142 F.3d 441
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Stephen Mark WESSING, Petitioner-Appellant.
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 97-2654.
 United States Court of Appeals, Seventh Circuit.
 Argued April 15, 1998.
Decided April 30, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois, No 97-1033. Michael M. Mihm, Chief Judge.
 Before Hon. JOHN L. COFFEY, Hon, MICHAEL S KANNE, and Hon TERENCE T EVANS, Circuit Judges.
 
 ORDER
 
 1
 After serving a 24-month sentence for bank fraud, Stephen Wessing began a 5-year term of supervised release His supervised release was reviewed in July of 1996 because he allegedly tested positive for, and admitted using cocaine while on supervision The district judge, following a hearing, concluded that the charges were true so he ordered the revocation of Wessing's supervised release The judge also determined that Wessing had committed Grade B violations of supervised release which carried a guideline range of 18 to 24 months See U.S.S.G § 7B1.1, Wessing was sentenced to serve a term of 21 months for the infraction
 
 
 2
 Wessing's attorney missed the deadline for filing a notice of appeal, and to get around that misstep (whether that is even possible we need not say) a motion to vacate, set aside, or correct the sentence was filed pursuant to 28 USC § 2255 In the motion, Wessing did not challenge the revocation of his supervised release itself but claimed that his violation was only a Grade C infraction and that his sentencing range, if the judge elected to impose imprisonment, was 7 to 13 months. The motion was considered and denied by the district judge and Wessing appeals, now represented by new counsel.
 
 
 3
 We entertained oral arguments on this appeal on April 15. During the argument we were informed that Mr. Wessing finished serving his sentence, apparently several months ago. That turn of events makes Wessing's appeal moot Wessing can show no collateral consequences adequate to meet the case or controversy requirement of Article III, Section 2 of the Constitution. See Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, the appeal is ordered DISMISSED.